**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

JANE DOE                                                                              PLAINTIFF

vs.                                                      Civil Action No. 3:07-cv-172-HTW-LRA

RAVINDER KUMAR SHARMA, ET. AL.                                        DEFENDANTS

## <u>ORDER DENYING REMAND</u>

Before this court is plaintiff Jane Doe's ("Doe") motion asking this court to

remand this declaratory judgment action to the Chancery Court of Hinds County,

Mississippi, from where it was removed.  Remand is proper pursuant to the dictates of

Title 28 U.S.C. § 1447 (c),[1] says Doe, because Colony Insurance Company ("CIC");

Colony National Insurance Company ("CNIC"); Colony Specialty Insurance Company

("CSIC"); Colony Management Services, Inc. ("CMS") ; and Argonaut Group

("Argonaut") (all above collectively referred to hereinafter as "The Colony Defendants"),

the defendant insurance companies, failed to obtain consent for removal of this action

from their co-defendants, Patrick Cox a/k/a Stevenson Knight ("Cox"); Ravinder Kumar

Sharma ("Ravinder Sharma"); Suman Sharma ("Suman Sharma"); and Sunrise Food

Mart.  Additionally, argues plaintiff, complete diversity is lacking here, even if this court

realigns the parties.  Further, says Doe, this court should in any event abstain from

issuing declaratory relief.

Plaintiff Jane Doe is a Mississippi resident.  Of the defendants, Cox, Ravinder

---

[1]Title 28 U.S.C. § 1447 (c) provides in pertinent part: "If at any time before final
judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
remanded."

Sharma and Suman Sharma are Mississippi residents.  Sunrise is a Mississippi resident corporation.  CIC, CNIC, and CMS are Virginia resident corporations, with their respective principal places of business outside of Mississippi.  CSIC is an Ohio resident corporation, with its principal place of business outside of Mississippi and Argonaut is a Delaware resident corporation, with its principal place of business outside of Mississippi.

In another state court action, Doe is suing Cox for assault and rape.  She also is suing Sunrise Food Mart and its owners, Ravinder Sharma and Suman Sharma, on a state claim of premises liability.  Here, in this action, Doe seeks a declaratory judgment from this court relative to the duties owed Sunrise, Ravinder Sharma and Suman Sharma by their insurance companies relative to the assault and rape in question.  The question as earlier stated is whether this lawsuit removed from state court to this federal forum is properly here or whether this dispute should be remanded to state court. Persuaded by the defendants' argument, this court hereby denies plaintiff's motion to remand for the reasons which follow.

## Relevant Facts

On November 11, 2006, Cox allegedly abducted Doe, while Doe was getting gasoline from the Sunrise Food Mart ("Sunrise") in Jackson, Mississippi.  Sunrise was owned by Ravinder Sharma and Suman Sharma and insured by The Colony Defendants under a commercial general liability policy.  Doe claims Cox then took her to another location and raped her.

On January 10, 2007, Doe filed a civil lawsuit against Cox in the Circuit Court of the First Judicial District of Hinds County, Mississippi ("Case I").  Doe later amended her

2

initial complaint in Case I to include negligence and premises liability claims against Ravinder Sharma, Suman Sharma, and Sunrise.

On February 21, 2007, Doe filed a Complaint for Declaratory Judgment in the Chancery Court of the First Judicial District of Hinds County, Mississippi ("Case II") against Ravinder Sharma, Suman Sharma, Sunrise, and The Colony Defendants.  In Case II, Doe seeks a ruling from the Chancery Court determining what duty The Colony Defendants have under the terms and conditions of the commercial general liability insurance policy ("the policy") between Ravinder Sharma, Suman Sharma, and Sunrise and The Colony Defendants.  Doe particularly wants to know whether The Colony Defendants have a duty to defend and indemnify Ravinder Sharma, Suman Sharma, and Sunrise in Case I and, if so, whether such duty has been breached.  Doe's action for Declaratory Judgment also seeks a declaration regarding whether punitive damages are covered under the policy.

On March 28, 2007, The Colony Defendants filed notice that they were removing Case II to this court pursuant to Title 28 U.S.C. §§ 1332,[2] 1441[3] and 1446[4] on ground of

---

[2] Title 28 U.S.C. § 1332 states, in pertinent part: (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) Citizens of different States.

[3] Title 28 U.S.C. § 1441 states, in pertinent part: (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by [...] the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[4] Title 28 U.S.C. § 1446 states, in pertinent part: (a) [D]efendants desiring to remove any civil action [...] from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to [Fed. R. Civ. P. 11].

diversity of citizenship.  Doe recognizes that her Mississippi citizenship is not diverse to that of Cox, Ravinder Sharma, Suman Sharma and Sunrise, but says that this court should realign these defendants as plaintiffs, which would make the parties diverse.

## Analysis

A federal court may grant declaratory relief when other bases for federal subject matter jurisdiction are present such as when the dispute is between parties of diverse citizenship.  *See Commercial Metals Co. v. Balfour Guthrie, and Co.*, 577 F.2d 264, 269 (5th Cir. 1978); *see also* Title 28 U.S.C. § 1332.  Here, Doe contends that The Colony Defendants' removal of this cause is improper because this court lacks subject matter jurisdiction over this matter.  Doe's complaint, on its face, confirms that diversity is absent and realignment would be improper, say The Colony Defendants.  Further, Doe contends that were this court to realign Ravinder Sharma and Suman Sharma, this court would trigger the thrust of § 1332(c)(1)[5] which provides that in direct actions against insurers, the court must assign the insurer's citizenship as that of its insured. The Colony Defendants disagree with all of Doe's assertions and hold fast to the propriety of their removal.

## Removal and Remand

"As a general matter, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

---

[5]Title 28 U.S.C. § 1332(c)(1) provides, in pertinent part: "[T]hat in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen[.]"

embracing the place where such action is pending." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531 (5th Cir. 2006) (citing Title 28 U.S.C. § 1446(a)) (internal quotations omitted).  Therefore, if a civil action filed in a State court involves a federal question, as provided by Title 28 U.S.C. § 1331, or complete diversity of citizenship, as provided by Title 28 U.S.C. § 1332, the party or parties against whom the lawsuit was filed may petition to remove that lawsuit to an appropriate federal district court.  Title 28 U.S.C. § 1446(a); *see also Buckner v. Fed. Deposit Ins. Corp.*, 981 F.2d 816, 818-19; *Crockett*, 436 F.3d at 531-32.

Under Title 28 U.S.C. § 1447(c), a district court, either *sua sponte* or upon motion of the parties, must remand a lawsuit to the State court from which it was removed if the court finds (1) that the case was improvidently removed, or (2) that the court lacks subject matter jurisdiction over the lawsuit.  Title 28 U.S.C. § 1447(c); *In re Medscope Marine, Ltd.*, 972 F.2d 107, 109-10 (5th Cir. 1992).  Section 1447(c) further provides that a motion to remand a case on the basis of a procedural defect must be filed within thirty days after the filing of the § 1446(a) motion for removal; however, a district court must remand a lawsuit over which the court lacks subject matter jurisdiction at any time before final judgment. Title 28 U.S.C. § 1447(c).

### The "Join-In" Requirement

"All defendants who are properly joined and served must join in [a] removal petition, and...failure to do so renders the petition defective." *Farias v. Bexar County Bd. of Tr. for Mental Health Mental Retardation Serv.*, 925 F.2d 866, 870 (5th Cir. 1991); (citing *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir.

1988)).  The failure of all the defendants to join in the removal petition is not a

jurisdictional defect, but rather a procedural one.  *Johnson v. Helmerich & Payne, Inc.*,

892 F.2d 422, 423 (5th Cir. 1990).  An exception to this general rule provides that

"'nominal' or 'formal' parties need not join in the removal petition."  *Farias*, 925 F.2d at

870; *see also Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants'

Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) (holding that nominal parties are those

parties who are neither necessary nor indispensible to join in the action).  "On the

question of jurisdiction, an unnecessary and dispensible party will not be considered."

*Salem Trust Co. v. Mfr. Finance Co.*, 264 U.S. 182, 190 (1923).

## The Status of Cox

Under Mississippi law, a party is indispensible where a determination by the

court would impede or impair that party's interest.  *See Hicks v. Bridges*, 580 So.2d

743, 747 (Miss. 1991) (holding that a party whose interest was not impeded or impaired

was not indispensible); *Ladner v. Quality Exploration Co.*, 505 So.2d 288, 290 (Miss.

1987) (parties whose rights would be impeded or impaired properly joined).  Doe

argues that Cox, her alleged abductor and rapist, is a proper defendant in this

declaratory judgment action.  As such, says Doe, the court should recognize Cox's

Mississippi citizenship and remand this cause to state court.

Doe filed Case II asking the Chancery Court to determine, under the terms of the

policy executed by Ravinder Sharma, Suman Sharma, Sunrise, and The Colony

Defendants, whether in Case I The Colony Defendants have a duty to defend and

indemnify Ravinder Sharma, Suman Sharma, and Sunrise and, if so, whether The

Colony Defendants have breached that duty.  Although Cox may be a necessary or indispensable party in the state court suit giving rise to this declaratory judgment action, this court finds that Cox has no interest in the outcome of the matter now before this court.  As stated by Doe in her  Memorandum of Authorities in support of her motion to remand, "Cox has no interest in seeing if the policy applies to the Sharmas and will not benefit from such a finding.  Cox's only interest is seeing that he is found not liable for Doe's kidnaping and rape."  Doe argues, though, that Cox and The Colony Defendants share an interest in Cox' being found not liable for the underlying tort in this case.  While that may be true, this court is not persuaded that Cox and The Colony Defendants share a common interest in having this court determine whether The Colony Defendants have a duty to defend or a duty to indemnify Ravinder Sharma, Suman Sharma, and Sunrise under the terms of the policy.  Thus, this court finds that Cox is a nominal party in Case II and the court must ignore Cox' citizenship for the purpose of deciding whether complete diversity exists in this declaratory judgment action.  *See generally Salem Trust*, 264 U.S. at 190.

### The Status of Ravinder Sharma, Suman Sharma and Sunrise

Doe contends that the non-consent of  Ravinder Sharma, Suman Sharma, and Sunrise to  removal renders The Colony Defendants' removal petition defective.  Doe further argues that Ravinder Sharma, Suman Sharma, and Sunrise should not be realigned, as The Colony Defendants advocate, because "there is a 'collision of interest' [...] between Doe and the Sharma defendants over the [Sharma] defendants' liability to [Doe]."  This court disagrees.  Well-settled jurisprudence proclaims that "diversity jurisdiction cannot be conferred upon the federal courts by the parties' own

7

determination of who are plaintiffs and who are defendants." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941); *Jackson HMA, Inc. v. Saint Paul Fire & Marine Ins. Co.*, 246 F. Supp. 2d 535, 537 (S.D. Miss. Jan. 27, 2003). Courts themselves must "look to the pleadings and arrange the parties according to their sides in the dispute." *Indianapolis*, 314 U.S. at 69. Courts, ultimately then, ascertain whether the necessary "collision of interests" exists by looking to the "principal purpose of the suit" and the "primary and controlling matter in dispute." *Id*.

In *Jackson HMA*, several hospitals brought a declaratory action in state court against an insurance company and several individuals to determine whether an insurance policy issued by the defendant insurance company covered claims brought against the hospitals by the individual declaratory judgment action defendants. *Jackson HMA*, 246 F. Supp. 2d at 536-37. After removal by the defedant insurance company, the court found that on its face the declaratory judgment action, as originally filed by the plaintiff-medical center, appeared to lack complete diversity because the plaintiffs and the individual defendants were all Mississippi residents. *Id.* at 537. The court, however, rearranged the parties, determining that the interests of the individual defendants [...were] consistent with the interest of [the plaintiff hospitals]." *Id.* at 538. ("Both the individual defendants on the one hand, and [the plaintiff hospitals] on the other hand, will benefit if [the insurance company defendant] is found liable for coverage of the claims asserted in the underlying state court suits."). *Id*. "At least in the context of [the hospitals'] declaratory judgment action," said the *Jackson HMA* court, "there is not an actual or subtantial controversy between [the] individual defendants [...],

8

and [the hospitals]." *Id.*

As in *Jackson HMA*, the individual defendants here, Ravinder Sharma and Suman Sharma, and defendant Sunrise will benefit, as will plaintiff Doe, if The Colony Defendants are found liable for coverage of the claims asserted in the underlying state court suit.  *Id.*  Thus, this court finds the absence of an actual controversy among Doe, Ravinder Sharma, Suman Sharma and Sunrise, at least in the context of Doe's declaratory judgment action.  As such, the court must rearrange the parties and Ravinder Sharma's, Suman Sharma's, and Sunrise's citizenship will not destroy complete diversity.

### Whether the Court's Realignment of the Parties Creates a "Direct Action" Under Section 1332(c)(1)

Doe argues that even if the court ignores Cox' citizenship and realigns Ravinder Sharma, Suman Sharma, and Sunrise as plaintiffs for the purposes of this declaratory judgment action, the court must remand this cause because the realignment creates a direct action against The Colony Defendants.  "While it is true that an insurer assumes the citizenship of the insured in a direct action against the insurer to which the insured is not joined as a party-defendant, [Fifth Circuit] precedent establishes that a petition for declaratory relief is not such a direct action."  *ASW Allstate Painting & Constr. Co. v. Lexington Ins. Co.*, 188 F.3d 307, 310 (5th Cir. 1999) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1189 (5th Cir. 1988).  As the matter before the court is a declaratory judgment action, Title 28 U.S.C. 1332(c)(1) does not apply and Doe's argument fails.

9

**Conclusion**

This court concludes that complete diversity is present here.  Doe is a Mississippi citizen, as are the realigned defendants, while The Colony Defendants are all out of state citizens.  Because this issue of realignment has been settled in favor of The Colony Defendants, this court holds that defendants Cox, Ravinder Sharma, Suman Sharma, and Sunrise had no obligation to consent to The Colony Defendants' removal of this cause from state court.  The court, too, ignores the citizenship of defendant Cox because Cox, having no interest in the outcome of the matter, is a nominal party.  Further, in realigning defendants Ravinder Sharma, Suman Sharma, and Sunrise, this court is not persuaded that Doe has initiated a direct action under Title 28 U.S.C. § 1332(c)(1) which would require this court to view The Colony Defendants as Mississippi citizens.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's motion to remand is denied.  This court has subject matter jurisdiction under § 1332, diversity of citizenship.  The parties are directed to contact the assigned Magistrate Judge within ten (10) days of the date of this order for a Scheduling Order.

**SO ORDERED, this the 6th day of August, 2008.**

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:07-cv-172 HTW-LRA
Order Denying Remand