IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


JANE DOE                                                                                          PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:07-cv-00172-HTW-LRA

RAVINDER KUMAR SHARMA and SUMAN
SHARMA, individually and doing business as
SUNRISE FOOD MART; PATRICK COX;
COLONY INSURANCE COMPANY, COLONY
NATIONAL INSURANCE COMPANY, COLONY SPECIALTY
INSURANCE COMPANY, COLONY MANAGEMENT
SERVICES, INC. individually and as members of
COLONY MEMBER ARGONAUT GROUP
and JOHN DOES #1-10                                                                           DEFENDANTS

## ORDER GRANTING SUMMARY JUDGMENT

Before the court is a motion for summary judgment [docket no. 15] brought by defendants Colony Insurance Company, Colony National Insurance Company, Colony Specialty Insurance Company, and Colony Management Services, Inc., and Argonaut Group ("The Colony Defendants"). In this premises liability lawsuit, plaintiff Jane Doe alleges that she incurred injuries as a result of being raped, sexually assaulted and beaten on the premises of defendant Sunrise Food Mart, a retail business owned by Ravinder Kumar Sharma and Suman Sharma and insured under a commercial general liability policy by The Colony Defendants. The question before the court is whether the insurance policy's Assault and Battery Exclusion precludes coverage for the claims plaintiff asserts against Sunrise Food Mart and its owners of failure to provide reasonably safe premises, failure to provide adequate security, and failure to warn.

## I. Background

On November 11, 2006, defendant Patrick Cox allegedly abducted Jane Doe. At the time, Doe was getting gasoline from the Sunrise Food Mart ("Sunrise") located in Jackson, Mississippi. Doe claims Cox then took her to another location and raped her. Sunrise was owned by Ravinder Sharma and Suman Sharma and insured by Colony Insurance Company under a commercial general liability policy.

On January 10, 2007, Doe filed a civil lawsuit against Cox in the Circuit Court of the First Judicial District of Hinds County, Mississippi ("Case I"). Doe later amended her initial complaint in Case I to include defendants Ravinder Sharma, Suman Sharma, and Sunrise and three allegations: failure to provide reasonably safe premises and failure to provide adequate security; failure to warn; and "assault and battery (rape) kidnapping." On February 8, 2007, Doe filed a second amended complaint, extracting the "assault and battery" language from the third count, labeling it instead "rape kidnapping."

On February 21, 2007, Doe filed a complaint for declaratory judgment in the Chancery Court of Hinds County, Mississippi ("Case II") against Ravinder Sharma, Suman Sharma, Sunrise, and The Colony Defendants: Colony Insurance Company, Colony National Insurance Company, Colony Specialty Insurance Company, Colony Management Services, Inc., individually and as members of Colony Member Argonaut Group. In Case II, Doe seeks a ruling from the Chancery Court determining what duty The Colony Defendants have under the terms and conditions of the commercial general liability insurance policy ("the policy") between Ravinder Sharma, Suman Sharma, and Sunrise and The Colony Defendants. More specifically, Doe wants the court to answer whether The Colony Defendants have a duty to defend and indemnify Ravinder

2

Sharma, Suman Sharma, and Sunrise in Case I and, if so, whether such duty has been breached. Doe's action for declaratory judgment also seeks a declaration regarding whether punitive damages are covered under the policy.

The Colony Defendants properly removed the matter to this court, and this court denied plaintiffs' motion to remand. A court of limited subject matter jurisdiction, a federal district court must have subject matter jurisdiction either under diversity of citizenship, Title 28 U.S.C. § 1332, or under federal question, Title 28 U.S.C. § 1331.[1] Upon reviewing the matter, this court held that this court has diversity jurisdiction over the matter under Title 28 U.S.C. § 1332(c)(1).[2] Of course, the court applies the substantive law of Mississippi to this dispute because of that particular jurisdictional grant. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

## II. Analysis of Law

### A. Summary Judgment Standard

The Colony Defendants have submitted a motion for summary judgment,

---

[1] Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[2] Section 1332 reads in pertinent part:

(c) For the purposes of this section and section 1441 of this title
   (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business . . .

requesting this court to declare that they have no duty to defend or indemnify Sunrise Food Mart and the Sharmas. Plaintiff disagrees. Rule 56 of the Federal Rules of Civil Procedure provides the standard for summary judgment. Rule 56, in pertinent part, reads:

> (b) A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.
>
> (c) . . . The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The court must review the evidence in the light most favorable to the nonmovant. *Newell v. Oxford Management Inc.*, 912 F.2d 793, 795 (5th Cir. 1990). To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986).

### B. Duty to Defend / Indemnify

In determining whether an insurer has a duty to defend a particular claim, Mississippi law looks to the allegations in the complaint. *Mavar Shrimp & Oyster Co. v. United States Fidelity & Guaranty Co.*, 187 So. 2d 871, 875-76 (Miss. 1966). As long as the claim is "arguably" covered by the insurance policy, the duty to defend is triggered. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. Miss. 2008) (citing *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 225 (5th Cir. 2005) (under Mississippi law, courts "review the allegations in [the] complaint to

4

see whether it states a claim that is within or arguably within the scope of the coverage provided by [the insurance] policy")). Under Mississippi law, however, if the court identifies an ambiguity in the contract, the court must strictly construe the contract language in favor of the insured. *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001); *U.S. Fid. & Guar. Co. v. Omnibank*, 812 So. 2d 196, 198-99 (Miss. 2002) (citing *Mut. Ins. Co. v. Garriga*, 636 So. 2d 658, 662 (Miss. 1994); *Government Employees Ins. Co. v. Brown*, 446 So. 2d 1002 (Miss. 1984); *McLaurin v. Old So. Life Ins. Co.*, 334 So. 2d 361 (Miss. 1976)).

### C. The Policy's Assault and Battery Exclusion

The Assault and Battery Exclusion in question states:

[t]his insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

(1) Assault and battery committed by any person;
(2) The failure to suppress or prevent assault and battery by any person
(3) The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery:
(4) The negligent hiring, supervision, or training of any person;
(5) The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.

The Colony Defendants argue that each of plaintiff's claims – failure to provide a reasonably safe premises, failure to provide adequate security, failure to warn, rape and kidnapping – are attempts to hold the insurer (Sunrise and its owners) liable for failing to suppress or prevent assault and battery. The language of the policy's Assault and Battery Exclusion is clear and unambiguous, say The Colony Defendants. Resultedly,

5

continue The Colony Defendants, they have no duty under the policy to defend or indemnify Sunrise Food Mart or the Sharmas in the underlying state court premises liability action.

### D. Legal Argument

The Colony Defendants cite *Cullop v. Sphere Drake Ins. Co.*, 129 F. Supp. 2d 981 (S.D. Miss. 2001), the only pertinent case cited by either party which applies Mississippi law. The Colony Defendants rely upon *Cullop* to support their assertion that the Assault and Battery Exclusion applies to plaintiff's claims whether such claims are couched in terms of negligence, as well as plaintiff's kidnapping claim. In *Cullop*, the court considered a summary judgment motion brought by defendant insurance company. *Id. at 982.* The plaintiff alleged that he was attacked by an off-duty employee of a nightclub. *Id.* Plaintiff filed a declaratory judgment action against the insurer of the nightclub, alleging breach of a duty to defend patrons in the nightclub and seeking satisfaction of a default judgment. *Id.* Defendant insurance company denied coverage as well as plaintiff's demand for a defense. The insurance company relied upon an assault and battery exclusion in the nightclub's insurance policy, which excluded claims "arising out of" assault and battery due to "any causes whatsoever" and "allegations that the insured's negligent acts" "related to or accounted for the assault and battery." *Id.* Applying Mississippi law, this court concluded that the clause was clear and unambiguous and excluded any claim resulting from an assault and battery on the plaintiff which arose out of the incident alleged. *Id. at 983.* The court further stated that the policy excluded plaintiff's claims of the nightclub's alleged

6

negligence which supposedly contributed to the conditions under which the assault and battery occurred. *Id.*

Plaintiff here, Jane Doe, argues that *Cullop* is distinguishable from the matter at hand in that *Cullop* was a pure assault and battery claim. The plaintiff in *Cullop* only maintained that he had been assaulted as opposed to this case where the plaintiff was not only assaulted but was kidnapped. Plaintiff contends that the Assault and Battery Exclusion does not preclude claims concerning injuries resulting from plaintiff being kidnapped because the essential element of kidnapping is that a person be held against her will.[3]

### E. Holding

The question before this court is simply whether the injuries from the kidnapping "arose out of" or "resulted from" assault and battery. Mississippi Code Annotated § 97-3-7 provides that:

> (1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other

---

[3]According to Mississippi Code Annotated Section 97-3-53 (Rev. 2006), the crime of kidnapping is committed when a person:

(1) without lawful authority;

(2) and with or without intent to secretly confine;

(3) shall forcibly seize and confine any other person;

(4) or shall inveigle or kidnap any child under the age of sixteen (16) years;

(5) against the will of the parents or guardian or person having the lawful custody of the child.

*Potts v. State*, 955 So. 2d 913, 918 (Miss. Ct. App. 2007) (quoting Miss. Code Ann. § 97-3-53).

> means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm. . .

And, a person is guilty of aggravated assault "if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; ..." Assault and battery are often combined in Mississippi law. Battery is not defined as a separate crime. *See e.g., Woodward v. State*, 164 Miss. 468, 474 (Miss. 1932) ("An *assault and battery* may be committed with a motor vehicle ") (emphasis added).

Plaintiff herself contends that she was kidnapped within the meaning of Mississippi law, that is that she was "forcibly seized." This force also constitutes assault and/or battery. Thus, at the inception of the kidnapping, plaintiff was subjected to an assault and/or battery. The kidnapping, then, was an outgrowth, an entanglement with the assault and battery. This court finds, then, that plaintiff's alleged injuries arose from an assault and battery and, resultedly, not covered by the terms of the policy.

### III. Conclusion

For the foregoing reasons, the court grants the defendant's motion for summary judgment [docket no. 15]. Pursuant to the court's analysis of the undisputed material facts, the applicable law, and the insurance policy at issue, this court holds that The Colony Defendants owe no duty to defend nor indemnify defendants Ravinder Kumar Sharma and Suman Sharma, individually and doing business as Sunrise Food Mart. Since plaintiff's lawsuit is a declaratory action seeking only to determine the terms and

8

conditions of the insurance policy at issue, and since this court has resolved that matter, the court hereby terminates this lawsuit.  In accordance with the local rules, the court will enter a final judgment.

**SO ORDERED** this the 24th day of March, 2010.

              **s/ HENRY T. WINGATE**
              **CHIEF JUDGE**
              **UNITED STATES DISTRICT COURT**

Civil Action No. 3:07-cv-172 HTW-LRA
Order Granting Summary Judgment